NOTICE TO APPOINTED COUNSEL
IMPLEMENTATION OF ELECTRONIC VOUCHERING

Appellate counsel appointed pursuant to the Criminal Justice Act should be aware that the federal judiciary's electronic vouchering (eCJA) system is expected to be implemented in late spring or summer, 2013. Paper vouchers for work in appeals **will not be accepted after a date to be announced – approximately two weeks before implementation.** Further information about the eCJA system and instructional materials will be made available in the coming weeks. Counsel are advised to check the Fifth Circuit's CJA Home Page periodically for updates.

**The rules governing the billing of time and expenses compensable under the Criminal Justice Act will not change.** Counsel should refer to the Fifth Circuit's CJA Home Page for information on the circuit's *Plan Under the Criminal Justice Act for Representation on Appeal* and detailed instructions about how time and expenses should be billed.
Additional information may be found at:
http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/GuideToJudiciaryPolicyVolume7.aspx

The eCJA system has been designed to replicate electronically the current paper vouchering process. The system will prevent mathematical errors, substantially simplify the process of voucher preparation, facilitate notification to counsel regarding voucher status, and streamline the process of voucher approval and payment.

The eCJA system is a web−based application that will allow attorneys to make contemporaneous time and expense entries as the work progresses.* At the end of the representation, the individual entries will be cumulated into a virtual voucher which will be submitted to the court electronically. Scanned copies of supporting material, such as receipts for expense items, may be attached to the voucher file.

In the meantime, paper vouchers will be accepted for non−capital cases that have concluded and for interim and final payments in capital cases, in accordance with Fifth Circuit policy.

**In non−capital cases,** vouchers should not be submitted until **the end of the case in the court of appeals, including any requests for rehearing.**

**In capital cases,** attorneys are allowed to submit vouchers requesting interim payment of fees and expenses after the completion of significant milestones in the case, for instance, completion of briefing or completion of oral argument Interim vouchers must be designated as such.

A voucher requesting payment for any work on a petition for certiorari **must be accompanied by a copy of the petition.** If a final voucher has already been submitted for work on the appeal itself, the voucher for the petition for certiorari should be designated "supplemental."

**Applicable hourly rates and maximum compensation limits** are specified in the voucher instructions on the Fifth Circuit website. If a voucher requests an amount in excess of the applicable presumptive limit, a CJA 27, its electronic equivalent or an electronic memorandum that provides an explanation will be required.

A list of frequently asked questions is available on the CJA Home Page. For assistance with CJA vouchers please email the court at cja_request@ca5.uscourts.gov, or call 504−310−8506.

**ALL PAYMENTS MADE PURSUANT TO THE CRIMINAL JUSTICE ACT ARE SUBJECT TO POST−AUDIT. CONTEMPORANEOUS TIME AND EXPENSE RECORDS MUST BE MAINTAINED FOR THREE YEARS AFTER APPROVAL OF THE FINAL VOUCHER. ANY OVERPAYMENTS ARE SUBJECT TO COLLECTION, INCLUDING THROUGH DEDUCTIONS FROM FUTURE VOUCHER PAYMENTS.**

---

*Entries may also be transferred manually from another time−keeping system, as is the case now with the required time and expense worksheets.